UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **MAYRA NORELI HERNANDEZ-ALMANZA,** § § § | |
| Petitioner, § § | |
| VS. § | CIVIL ACTION NO. 5:25-CV-00215 |
| **KRISTI NOEM,** *et al.*, § § § | |
| Respondents. § | |

## **MEMORANDUM AND ORDER**

Pending before the Court is Petitioner Mayra Noreli Hernandez-Almanza's ("Petitioner" or "Mrs. Hernandez-Almanza") Petition for Writ of Habeas Corpus, and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment. (Dkts. 1, 16.) Petitioner challenges the lawfulness of her detention by Immigration and Customs Enforcement (ICE) at the Laredo Processing Center and argues that she received a constitutionally deficient bond hearing. (Dkt. 1 at 9–10.) Because the Court has determined that Petitioner does not show her bond hearing was constitutionally deficient and because the Court lacks jurisdiction to review the Immigration Judge's discretionary decision to deny Petitioner's bond, Petitioner's petition for habeas corpus, (Dkt. 1), is DENIED. Respondents' Motion to Dismiss to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. 16), is GRANTED.

### **Background**

**A. Factual Background**

Petitioner is a 40-year-old citizen and national of Mexico. (Dkt. 1 at 1; Dkt. 16 at 2.) She is the mother of four U.S. citizen children, and she is married to her U.S. citizen husband. (Dkt. 1 at 7.) Her husband filed a family petition on her behalf with U.S. Citizenship and Immigration Services (USCIS) in June of 2025. (Dkt. 1 at 7.)

Mrs. Hernandez-Almanza was admitted to the United States on a non-immigrant visa in 2009. (Dkt. 1 at 2; Dkt. 16 at 2.) In January of 2013, Mrs. Hernandez-Almanza was arrested for alleged theft of property of between $50 to $500. (Dkt. 1 at 6; Dkt. 16 at 2.) Mrs. Hernandez-Almanza was never convicted or prosecuted for this charge. (Dkt. 1 at 7.) Several years later, in July of 2015, Petitioner was detained for overstaying her non-immigrant visa and placed in removal proceedings. (*Id.*; Dkt. 16 at 2.) She was subsequently released on her own recognizance and instructed to report to ICE throughout the pendency of her proceedings. (Dkt. 1 at 2; Dkt. 16 at 2.) Nearly ten years later, on July 29, 2025, Petitioner was arrested and detained by ICE. (*See* Dkt. 1 at 2; Dkt. 16 at 2.) Mrs. Hernandez-Almanza remains detained and is currently in custody pursuant to 8 U.S.C. § 1226. (*See* Dkt. 1 at 2; Dkt. 16 at 4.) After being detained, Mrs. Hernandez-Almanza requested a custody redetermination hearing (bond hearing) and received a hearing on August 14, 2025. (Dkt. 1 at 2–3; Dkt. 16 at 2–3.)

At the bond hearing the Immigration Court ruled that Mrs. Hernandez-Almanza was "a danger to the community and had not met her burden to show that she merited release on bond." (*See* Dkt. 1 at 2–3; Dkt. 16, Attach. 1 at 3–4.)[1] The Immigration Judge (IJ) found that Mrs. Hernandez-Almanza was "not subject to any of the mandatory detention provisions and therefore, is eligible for release on bond or conditional parole" but further found that Mrs. Hernandez-

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

Almanza did not establish to the satisfaction of the Immigration Court that she warranted release on bond or conditional parole. (Dkt. 16, Attach. 1 at 3–4.) The Immigration Court relied on the fact that Mrs. Hernandez-Almanza was charged with theft in 2013 to find that Mrs. Hernandez-Almanza presents "a danger to the community and has not met her burden to show that she merits release on bond." (*Id*.) Petitioner filed a Notice of Appeal from a Decision of an Immigration Judge with the Board of Immigration Appeals (BIA) on August 22, 2025, which remained pending at the time Petitioner's Petition was filed. (*See* Dkt. 1 at 3; Dkt. 16 at 3.)

### B. Procedural Background

After being detained by ICE, Petitioner filed a petition for habeas corpus on November 12, 2025, requesting that the Court order Respondents to release Petitioner. (Dkt. 1 at 9.) On November 25, 2025, Respondents responded to the petition by filing a motion to dismiss, and in the alternative, for summary judgment. (Dkt. 16.) On December 2, 2025, Petitioner filed a reply to the Government's response. (Dkt. 17.)

## Legal Standard

### A. 28 U.S.C. § 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). 28 U.S.C. § 2241(c)(3) authorizes "any person to claim in federal court that he or she is being held 'in custody in violation of the Constitution or laws. . . of the United States.'" *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Accordingly, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear challenges to the lawfulness of immigration-related detention. *Id*. (citing 28 U.S.C.

§ 2241(c)(3)); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

Moreover, a Court is not required to hold a hearing when the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted); *see also Trejo v. Warden of ERO El Paso E. Montana*, 2025 WL 2992187, at *2 (W.D. Tex. Oct. 24, 2025) (citation omitted).

### B. Rule 56(a) Summary Judgment

Generally, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). If the moving party meets its burden of demonstrating the absence of a genuine factual dispute, the non-movant must then come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party," and a "fact issue is 'material' if its resolution could affect the outcome of the action." *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013)). "Because this case arises in a summary judgment posture, we view the facts in the light most favorable to [Petitioner], the nonmoving party." *Id*. (quoting *City & County of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1769 (2015)).

## Discussion

Having considered this matter, the Court recognizes that 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review Petitioner's claims regarding the IJ's discretionary denial of bond. To the

extent Petitioner claims that there were constitutional deficiencies in her bond hearing, the Court determines that Petitioner has not demonstrated that the bond hearing held was constitutionally deficient.

Jurisdiction is a threshold question. *See Florida. v. Thomas*, 532 U.S. 774, 777 (2001) ("we must first consider whether we have jurisdiction to decide this case."). "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."(citing *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994)); *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) ("Subject-matter limitations . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

> Congress provided in 8 U.S.C. § 1226(e) that:
> "The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

Thus, district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019) ("As we have held, this limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases.")

But this prohibition does not extend to constitutional challenges to the statutory framework or extent of the Government's detention authority. *See Diallo v. Pitts*, 2020 WL 714274, at *6 (S.D. Tex. Jan. 15, 2020), *R & R adopted*, 2020 WL 709326 (S.D. Tex. Feb. 12, 2020). "[Section 1226(e)] does not block lawsuits over 'the extent of the Government's detention authority under

the 'statutory framework' as a whole.'" *Nielsen*, 586 U.S. at 401 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018)); *see also Kim*, 538 U.S. at 517.

"Section 1226(e) may strip [courts] of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive [courts] of all authority to review statutory and constitutional challenges. [Courts] retain jurisdiction to review [a noncitizen's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude*, 125 F. App'x at 546 (citing *Kim*, 538 U.S. at 516–17); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

Here, Petitioner argues that Respondents violated her Fifth Amendment rights by not providing her an individualized bond hearing. (Dkt. 1 at 8.) She asserts that "the baseline Due Process requirement for civil immigration detention is that the detainee receive an individualized bond hearing to determine whether the individual can be released on bond or must be detained due to flight risk or dangerousness." (*Id*. at 5.) Petitioner argues that her detention "based solely on the misplaced dependence on the Laken Riley Act and unproven accusations, does not serve the purposes of civil immigration detention, is arbitrary and punitive in nature, and violates the Due Process Clause of the Fifth Amendment to the United States Constitution." (*Id*. at 9.) Petitioner further acknowledges that district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond and argues that she is entitled to relief because district courts have authority to review statutory and constitutional challenges to detention. (Dkt. 17 at 8–9.) Additionally, Petitioner recognizes that the Immigration Court correctly concluded that the Laken

Riley Act is inapplicable to Mrs. Hernandez but nonetheless argues that Government is detaining Mrs. Hernandez-Almanza based on misapplication of the Laken Riley act. (*Id*. at 9.)

Respondents recognize that there is no question that Petitioner is being detained pursuant to U.S.C. § 1226 and is therefore entitled to a bond hearing. (Dkt. 16 at 4.) Respondents argue that an IJ "may base a determination as to an alien's custody status on any information that is available to the IJ or that is presented to the IJ by either party" at a custody redetermination hearing. (*Id*. at 5) (citing 8 C.F.R. § 1003.19(d)). Respondents note that "the IJ clearly stated the immigration court did not find that Petitioner was subject to mandatory detention under the Laken Riley Act but that the Petitioner nevertheless was not entitled to bond." (*Id*. at 9.) Respondents also point out that, pursuant to 8 U.S.C. § 1226(e), the Court lacks jurisdiction to review discretionary decisions made by an IJ regarding bond. (*Id*. at 2.) They argue that reviewing the IJ's decision in this case would require the Court to assess the underlying discretionary bond determination which the Court lacks jurisdiction to do. (*Id*. at 9–10.)

The Court agrees with Respondents arguments. To the extent that the Petitioner's claims rely on review of the underlying discretionary decision to deny bond, the Court does not have jurisdiction because such claims are not associated with a constitutional or statutory deficiency. To the extent that Petitioner claims that her Due Process rights were violated because Petitioner did not receive an individualized bond hearing, Petitioner has failed to submit evidence that would justify such a claim; the Court is not able to identify any allegations or evidence submitted by Petitioner that the conduct of the IJ during the bond hearing resulted in a constitutionally or statutorily inadequate bond hearing.

Petitioner points out that the IJ noted "[t]he fact that the [Laken Riley Act] requires mandatory detention for certain enumerated crimes, which includes theft, weighs heavily on the

court." (Dkt. 17 at 9.) However, even viewing the facts in the light most favorable to Petitioner, such reference to the Laken Riley Act does not mean the bond hearing was constitutionally deficient. Petitioner was provided with a bond hearing at which the IJ made an individualized decision to deny bond based on a lack of information surrounding Petitioner's 2013 arrest for theft, finding that she is a danger to the community and did not meet her burden to show that she merits release on bond. (*See* Dkt. 16, Attach. 1 at 3.) The lack of information around Petitioner's 2013 theft charge, which is specific to Petitioner's individual case, appeared to be a relevant consideration for the IJ. (Dkt. 16, Attach. 1 at 3.) Although Petitioner argues that the IJ improperly relied on the Laken Riley Act, it is undisputed that the IJ found the Laken Riley Act was not applicable to Petitioner. (*See* Dkt. 1 at 8, Dkt. 16 at 9.) Other than the IJ's reference to the Laken Riley Act, Petitioner has not presented any additional information to show that the bond hearing violated her Fifth Amendment rights. Thus, although the Court recognizes the severe impact of Petitioner remaining detained as a consequence of the IJ's decision, it appears that Petitioner was given an individualized bond determination.

Petitioner did not provide sufficient evidence to find that her bond hearing was constitutionally deficient, and the Court has been stripped of jurisdiction to review the underlying discretionary decision by the IJ to deny bond. Accordingly, there is no genuine issue of material fact, and Respondents are entitled to judgement as a matter of law.

## Conclusion

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is DENIED and Respondents' Motion for Summary Judgment (Dkt. 16), is GRANTED. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

SIGNED this January 12, 2026.

                                                                       Diana Saldaña
                                                                       United States District Judge